## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>    VICTOR G. GOMES and<br>    JENNIFER J. GOMES,<br><br>                Debtors | Chapter 13<br>Case No. 13-31208-HJB |

### MEMORANDUM OF DECISION

Before the Court is an objection filed by Victor G. Gomes and Jennifer J. Gomes (the "Debtors") to a proof of claim filed by JPMorgan Chase Bank, N.A. ("Chase"). The Debtors say that the claim was not timely filed. Chase contends that its Objection to Confirmation of the Debtors' Chapter 13 Plan (the "Plan Objection"), filed before the claims filing deadline, saves the day. This Court must determine whether, *in this case*, the Plan Objection constitutes a timely filed informal proof of claim, suitable for amendment by a formal proof of claim.

I.      FACTS AND TRAVEL OF THE CASE

The Debtors filed for relief under Chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code")[1] on October 31, 2013. On the Debtors' Schedule A, they value their residence (the "Property") at $210,000.00 and claim an exemption on Schedule C under 11 U.S.C. § 522(d)(1) in the amount of $11,475.00. On Schedule D,

---

[1] See 11 U.S.C. § 101 et seq. All references to statutory sections are to the Bankruptcy Code unless otherwise specified.

1

they list Ocwen Loan Servicing as holding a first mortgage on the Property, securing an obligation in the amount of $230,912.00. Chase is listed on Schedule D as the holder of a second mortgage on the Property, securing an obligation in the amount of $43,853.23.

On November 25, 2013, the Debtors filed their Chapter 13 plan (the "Plan"). There, the Debtors propose to strip off Chase's second mortgage as wholly unsecured on the grounds that the balance owed to Ocwen on the first mortgage on the Property exceeds its value. See Domestic Bank v. Mann (In re Mann), 249 B.R. 841 (1st Cir. BAP 2000). The Plan provides for a 10.6959% dividend to unsecured creditors, and Chase's second mortgage is listed as an unsecured claim in the Plan.

On January 10, 2014, Chase filed the Plan Objection, arguing that the Plan could not be confirmed because 1) the Debtors had not provided documentation evidencing the valuation of the Property or the amount owed to the Ocwen; 2) Ocwen had not filed its corroborating proof of claim with respect to its first mortgage; and 3) Chase wished to conduct an interior appraisal of the Property. The Debtors responded that there existed no requirement under the Code or any rule that documentation evidencing the valuation of property or amounts owed on mortgages be filed along with a debtor's plan or schedules. They added that because there were no prepetition arrears on the Ocwen first mortgage, Ocwen might never file a proof of claim. And finally, they noted that while they had no objection to Chase conducting an interior inspection of the Property, none had ever been sought by Chase prior to filing the Plan Objection.

The assertions in the Debtors' substantive response to the Plan Objection were well-founded. And Chase further damaged the likelihood of success of its Plan Objection by failing to certify therein that it had held, or had attempted to hold, a conference with

2

the Debtors' counsel to resolve or narrow disputes as to the contents of the Plan Objection – a long standing requirement set forth in Massachusetts Local Bankruptcy Rules ("MLBR", the "Local Rules"), Appendix 1, §§ 13-8(d) and (e).[2] The Court overruled the Plan Objection on account of Chase's failure to comply with the Local Rule. Chase did not renew its objection to the Plan.

The deadline for filing a proof of claim in this case was March 11, 2014 (i.e., 90 days after the first date set for the § 341 meeting). See Fed. R. Bankr. P. 3002(c). Counsel for Chase filed an appearance in the case on December 12, 2013, the day after the § 341 meeting. But Chase did not file its proof of claim (the "Proof of Claim") until March 14, 2014 (three (3) days after the claims filing deadline), therein alleging a secured claim in the Property in the amount of $43,899.24 and $177.02 in prepetition arrears. On

---

[2] The Local Rule provides, in relevant part, as follows:

> (d) Following the filing of any response to an objection to confirmation, counsel to the debtor or a pro se debtor shall confer with counsel to the objecting party, either in person or by telephone conference, to make a good faith effort to resolve or narrow disputes as to the contents of an objection to confirmation. *The objecting party shall be responsible for initiating the conference by telephone, fax, email, first class mail, or in person.* Counsel to an objecting party does not violate the automatic stay by contacting the pro se debtor in complying with the requirements of this Rule. Such communication shall be for the purpose of initiating the conference only, and the conference must be held either in person or by telephone.
>
> (e) No later than twenty-one (21) days after the response to an objection to confirmation is filed, the objecting party shall file a certificate stating either (i) that the conference was held, the date of the conference, and the names of the participating parties; or (ii) that the conference was not held despite timely and reasonable efforts made to initiate the conference, which efforts must be set forth with specificity in the certificate. The Court will not schedule a hearing on an objection to confirmation until the objecting party files the certificate. In the event the parties do not hold the required conference, the Court may order appropriate sanctions, including sustaining or overruling the objection to confirmation or awarding monetary sanctions. . . .

MLBR §§ 13-8(d), (e) (emphasis supplied).

March 28, 2014, the Debtors objected to the Proof of Claim on the grounds, *inter alia*, that it was untimely filed (the "Claim Objection"). Chase responded to the Claim Objection, asking that it be overruled on the grounds that the Plan Objection should be deemed an informal proof of claim amended by its late-filed Proof of Claim. After hearing, the Court took the matter under advisement.

II.   POSITIONS OF THE PARTIES

The Debtors object to Chase's Proof of Claim on the grounds that it was filed late and should therefore be disallowed.[3] In support, the Debtors point to the fact that, although Chase filed an objection to confirmation of the Plan, Chase did not renew the objection when it was overruled for failure to comply with the Local Rules.

Chase admits that its Proof of Claim was not timely filed but argues that disallowance of its claim would be inequitable as it was included in the Debtors' plan as an unsecured claim entitled to a 10.6959% dividend. Additionally, Chase maintains that its Plan Objection, timely filed on January 10, 2014, prior to the claims deadline, should be considered a timely-filed informal proof of claim, merely amended by the more formal untimely-filed Proof of Claim. And in support of the latter argument, Chase cited (at the hearing on the Debtors' Claim Objection) the case of In re McCoy Management Services, Inc., 44 B.R. 215 (Bankr. W.D. Ky. 1984). The McCoy court listed various factors that should be taken into account when evaluating whether a filed document other than a

---

[3] Alternatively, the Debtors request that were the Court to allow the Chase's claim, it be treated as a general unsecured claim, any security interest in the Property having been stripped off for the reasons described above.

4

formal proof of claim should be accepted as an informal proof of claim. Chase insists that its Plan Objection meets those standards.

III.    DISCUSSION

In cases filed under Chapter 13, creditors must file a proof of claim with the clerk of the bankruptcy court within ninety (90) days of the first date scheduled for the meeting of creditors required by Section 341 of the Bankruptcy Code. Fed. R. Bankr. P. 3002(c). It is settled law in this Circuit that this deadline in Chapter 13 cases cannot be extended on the grounds of excusable neglect. See Aboody v. United States (In re Aboody), 223 B.R. 36 (1st Cir. BAP 1998); but see In re Collier, 307 B.R. 20 (Bankr. D. Mass. 2004) (late filed claim may be allowed as a matter of due process where creditor did not have fair notice of filing deadline).

Occasionally, where a proof of claim is filed late, the creditor contends that the late-filed claim should be deemed an amendment to an earlier-filed informal proof of claim. Although some courts conflate the issues, there are actually two: first, whether the earlier writing constitutes an informal proof of claim; and second, whether it is appropriate to allow an amendment to that earlier claim.

Chase does not appear to argue that the Proof of Claim, standing alone, should be allowed notwithstanding its untimeliness (avoiding another meritless argument). Rather, it contends that, as a matter of equity (in the sense of fairness), the Proof of Claim should be deemed merely an amendment to the "informal proof of claim" asserted in the Plan Objection which *was* filed prior to the claims deadline. In support of that argument, it cites In re McCoy Management Services, Inc., 44 B.R. 215 (Bankr. W.D. Ky. 1984). In

5

McCoy, the court set forth, *as a guideline*, five elements used to characterize a document filed prior to the claims deadline as a valid informal proof of claim which could be amended by a formal proof of claim filed after the claims deadline: (1) the document must be in writing; (2) the document must contain a demand by the creditor on the debtor's estate; (3) the document must express an intent to hold the debtor liable for the debt; (4) the document must be filed with the court; and (5) based on the facts of the case, it would be equitable to allow the amendment. Id. at 217.  Many other courts, including those in this Circuit, have followed suit, sometimes separating the elements of an informal proof of claim from the question of whether it may be amended and sometimes conflating the two. But all appear to employ factors similar to those listed in McCoy. See In re Dow Corning Corp., 142 F.3d 433 (6th Cir. 1998); Gens v. Resolution Trust Corp., 112 F.3d 569 (1st Cir. 1997); In re Reliance Equities, Inc., 966 F.2d 1338 (10th Cir. 1992); In re Holm, 931 F.2d 620 (9th Cir. 1991); In re Hall, 218 B.R. 275 (Bankr. D.R.I. 1998); In re Vaugn Chevrolet, Inc., 160 B.R. 316 (Bankr. E.D. Tenn. 1993); In re Dietz, 136 B.R. 459 (Bankr. E.D. Mich. 1992); In re Harper, 138 B.R. 229 (Bankr. N.D. Ind. 1991); In re Bowers, 104 B.R. 362 (Bankr. D. Colo. 1989); In re Loffland Bros. Co., 102 B.R. 79 (Bankr. N.D. Tex. 1988); In re Thornlimb, 37 B.R. 874 (Bankr. D.R.I. 1984).  This Court finds those considerations appropriate and reasonable.

With specific reference to the McCoy guidelines, Chase points to the language in paragraph 2 of its Plan Objection, which states:

> On the petition date, the mortgage to Chase was in default with a pre-petition arrearage of $177.02, and an approximate total debt of $43,874.24. Chase is in the process of filing its Proof of Claim with regard to this matter, the bar date for which is March 11, 2014.  By the filing of its objection to the debtor's *(sic)* Chapter 13 Plan, Chase hereby sets forth its demand for payment and intent to hold the debtors liable for the debt.

Chase Obj. to Ch. 13 Plan, ¶ 2, ECF No. 32.  Accordingly, Chase argues that the Debtors were aware of its claim, that they provided for the claim in the Plan, and that it would be inequitable to strike the claim on grounds of the untimely filing of the Proof of Claim.

Chase contends that the Plan Objection should be deemed a timely-filed informal proof of claim which could later be amended because the Plan Objection 1) was filed before the expiration of the claims deadline; 2) identified the nature of the debt and its secured interest; 3) set forth the amount owed, including the portion representing the prepetition arrearage; and 4) made demand for payment and demonstrated Chase's intent to hold the Debtors liable for the debt.[4]  The Court agrees with those characterizations of the Plan Objection.  But one more factor referenced in McCoy and its aligned cases must be considered – whether, based on the facts of the case, it would be equitable to allow the amendment.  See Gens v. Resolution Trust Corp., 112 F.3d 569, 575 (1st Cir. 1997) (the need to amend must not be the product of bad faith or dilatory tactics on the part of the claimant).

The document which Chase chooses to transmogrify into a proof of claim is the Plan Objection – a document which not only complained about the Debtors' failure to meet fictional requirements, but was filed without the predicate actions which Chase was required to perform.  A lender whose lien is proposed to be voided on grounds of insufficient collateral is entitled to complain if it has good grounds to dispute a debtor's

---

[4] The language contained in the Plan Objection in this last regard is stilted and slightly out of context.  After all, why, after listing the details of its claim, would Chase add language to the effect that its objection constituted a demand for payment and demonstrated its intention to hold the Debtors liable for the debt – if not to reduce the risk of neglecting to file a formal proof of claim by setting the stage for arguing under McCoy (later cited to the Court) that the objection constituted an informal proof of claim that could be later amended?  Ironically, Chase actually referenced the claims bar date in the Plan Objection, and still failed to meet that deadline.

7

valuation of the lender's collateral. But it cannot invent documentary hurdles for the debtor that do not exist in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or this Court's Local Rules. Furthermore, it cannot ignore a conference requirement contained in those Local Rules, a requirement which was intended to reduce costs for both debtors and creditors and promote judicial economy.

It was for good reason that the Plan Objection was overruled. And to now use the meritless Plan Objection as the foundation for a late-filed proof of claim on the grounds of equity would turn any real notion of equity on its head.

IV.    CONCLUSION

For all of the foregoing reasons, the Claim Objection will be SUSTAINED. An order in conformity with this Memorandum shall issue forthwith.

DATED: January 14, 2015

> By the Court,
>
> *[signature: Henry Jack Boroff]*
>
> _____
>
> Henry J. Boroff
> United States Bankruptcy Judge